# In the United States District Court
# In and For the Middle District of Florida

Case No.: _____

**PATRICK CARROLL**,
an individual,

*Plaintiff*,

-vs-

**DRUSSO MARTINEZ**,
A Sarasota Police Department Officer,
**AMELIA WICINSKI**,
A Sarasota Police Department Officer,
**CODY STANALAND**,
A Sarasota Police Department Officer,

*Defendants.*

## Complaint for Civil Justice:
## Money Damages & Trial by Jury

Submitted by:

Fischer Redavid PLLC
4601 Sheridan Street
Suite 320
Hollywood, FL 33021
Phone: (954) 860-8434
Fax:    (954) 860-8584
Service@FRTrialLawyers.com

**Jordan Redavid, Esq.**
Florida Bar No. 109227
*Lead Counsel for Plaintiff*
**John P. Fischer, Esq.**
Florida Bar No. 99751
**Elroy M. John, Jr., Esq.**
Florida Bar No. 1002480
**Ian G. Ward, III, Esq.**
Florida Bar No. 108392

**FISCHERREDAVID**
T R I A L   L A W Y E R S

# · Prologue ·

## Setting the Stage

*"Only in a free society could right triumph in difficult times, and could civilization record its magnificent advancement. In recognizing the humanity of our fellow beings, we pay ourselves the highest tribute."*

- <u>Furman v. Georgia</u>, 408 U.S. 238, 371 (1972) (Marshall, J., concurring) –

_____

A black man in America, already restrained by handcuffs, is thrust face first into a vehicle and then taken to the ground. There, he lay prone with police officers on top of him. The leader swiftly and purposely positions his knee on the back of that man's neck. He is not trained to do that and yet he does so naturally. Perhaps he has done this before. That officer presses harder, pinning his target's face and chest to the earth. Even still, he cannot muzzle his target. The man begs for help; the man begs for answers. The officer hears him but does not listen. Other officers fail to intervene; they do not put a stop to a clear misapplication of excessive force. Instead, they help make sure it happens. A white female officer helps pin down the man's legs while she rummages his pockets. A second male officer, also white, stands by in close range, almost hovering. He watches voyeuristically as his colleagues violate a human being's civil rights. He is unmoved. What movements he makes show he is eager to join in but cannot find his place. He will have to sit this one out—but at least he gets to watch. By now a crowd has formed. A collective of community bystanders understandably jarred by what they are witnessing. The sidelined officer springs to action, doing his best to screen the peering eyes instead of stopping the injustice they see. *This* time, the black man survives, but he is forever changed. His name is Patrick Carroll. One week later, some 1,600 miles away, another group of white police officers will instinctively and eerily take on the same roles, displaying the same callous disregard for human rights on another black man, who was also a father. His name was George Floyd.

# · CHAPTER ONE ·

## JURISDICTION, VENUE, AND THE PARTIES

*"Race and racism is a reality that so many of us grow up learning to just deal with.  But if we ever hope to move past it, it can't just be on the people of color to deal with it.  It's up to all of us – Black, white, everyone – no matter how well-meaning we think we might be, to do the honest, uncomfortable work of rooting it out."*

- Michelle Obama, excerpt from a statement on an Instagram post May 30, 2020 –

_____

This lawsuit is being filed on behalf of PATRICK CARROLL, an individual, by and through the undersigned lawyers of Fischer Redavid PLLC, and empowered by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.  It is brought against three individuals employed by the Sarasota (FL) Police Department: DRUSSO MARTINEZ, AMELIA WICINSKI, and CODY STANALAND.

### JURISDICTION AND VENUE

1. This is a civil action seeking damages in excess of $100,000.00 USD, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff has fully complied with all conditions precedent prior to bringing this action.

3. The predominant counts in this action arise under the Constitution and laws of the United States of America, and this Court has original jurisdiction over such federal questions.  28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.  It also has supplemental jurisdiction over the related state law battery claims.  28 U.S.C. § 1367.

4. Venue is proper in the Middle District of Florida because the incidents giving rise to this complaint occurred in Sarasota County, Florida, and two of three defendants are believed to be residents of Sarasota County, Florida area. 28 U.S.C. § 1391(b)(1), (b)(2).

## PARTIES

5.      The Plaintiff, PATRICK CARROLL, is a resident of Sarasota County, Florida, and otherwise *sui juris*.

6.      Defendant, DRUSSO MARTINEZ, an individual who is *sui juris*, was, at all times material, a police officer employed by the Sarasota Police Department and, based on information and belief,  a resident of Sarasota County, Florida. He is the "leader" as referenced in the Prologue.

7.      Defendant, AMELIA WICINSKI, an individual who is *sui juris*, was, at all times material, a police officer employed by the Sarasota Police Department and, based on information and belief, a resident of Sarasota County, Florida.  She is the "female white officer" in the Prologue.

8.      Defendant, CODY STANALAND, an individual who is *sui juris*, was, at all times material, a police officer employed by the Sarasota Police Department and, based on information and belief,  a resident of Manatee County, Florida.  He is the "second male officer" in the Prologue.

# CHAPTER TWO ·

## FACTUAL ALLEGATIONS

*"Utilizing your knee on someone's neck is not something that we train.*
*It's not something that we authorize and it's not something that we stand behind."*

- Patrick Robinson, Deputy Chief of the Sarasota Police Department –

---

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      On May 18, 2020, in Sarasota County, Florida, Defendants MARTINEZ, WICINSKI, and STANALAND were employed by, and acting within the scope of, the Sarasota Police Department when they responded to a 911 call in reference to a battery.

10.     Defendants MARTINEZ, WICINSKI, and STANALAND contacted the complainant and then Mr. Carroll, their suspect.

11.     Defendants MARTINEZ, WICINSKI, and STANALAND confronted Mr. Carroll on the street before moving to the sidewalk on or around 23rd Street and Dixie Avenue.

12.     MARTINEZ and WICINSKI strategically placed themselves around Mr. Carroll.

13.     A helicopter from a Sarasota-area police department began to film from overhead.

14.     Mr. Carroll spoke to the officers for nearly six minutes, pleading his innocence.

15.     Defendants MARTINEZ and WICINSKI ordered Mr. Carroll to remove the backpack he was wearing as they begin to handcuff him.

16.     Mr. Carroll attempted to turn so as to speak to the officers face-to-face since they had positioned themselves behind him.

17.     Defendants MARTINEZ and WICINSKI successfully handcuffed Mr. Carroll.

18.     Mr. Carroll never attempted to evade them or take flight.

19.     Mr. Carroll never unlawfully resisted MARTINEZ and WICINSKI.

20.     Mr. Carroll, innocent of what he was then being accused of, didn't want to go to jail.

21.     Mr. Carroll pled with MARTINEZ and WICINSKI not to take him to jail.

22.     Defendants MARTINEZ and WICINSKI pushed Mr. Carroll face first into the side of their police vehicle.

23.     Mr. Carroll was upset at the unreasonable amount of force MARTINEZ and WICINSKI applied to push him into the car.

24.     Mr. Carroll wanted to give some of his belongings to a person close by.

25.     It was only *after* this that, for the very first time, a law enforcement officer narrating the helicopter video stated that he subjectively believed Mr. Carroll resisted arrest.

26.     Defendant MARTINEZ then used his right arm and hand to push and/or punch Mr. Carroll in the face and head.

27.     Defendants MARTINEZ and WICINSKI use their weight to rip him to the ground.

28.     Defendant STANALAND watched this unfold, and then rushed to their side.

29.     Mr. Carroll lay prone on the ground, handcuffed.

30.     Defendant MARTINEZ placed his body weight on top of Mr. Carroll, putting his right knee, shin, and leg on the back of Mr. Carroll's head and neck.

31.     Defendant WICINSKI placed her body weight on top of Mr. Carroll's back and legs.

32.     Defendants MARTINEZ and WICINSKI, collectively and individually, apply an unreasonable and excessive amount of force to Mr. Carroll.

33.     Defendant STANALAND failed to intervene and stop MARTINEZ and/or WICINSKI from applying unreasonable and excessive force to Mr. Carroll.

34.     Defendant STANALAND then tried to shield civilian bystanders view from witnessing MARTINEZ and WICINSKI's violation of Mr. Carroll's constitutional rights.

35.     At all times material, Mr. Carroll was a person and citizen afforded the protections of the United States Constitution.  He is a father; he is a son; he is a brother; he is a nephew.

36.     At all times material, Mr. Carroll had the right to be free from unreasonable seizures under the Fourth and/or Fourteenth Amendments to the United States Constitution.

37.     At all times material, Mr. Carroll also had the right to be free from unjustified, unreasonable, and excessive application of force by police officers under the Fourth and/or Fourteenth Amendments to the United States Constitution.

38.     At all times material, Mr. Carroll also had the right to not be deprived of his liberty and property without due process of law by police officers under the Fourth and/or Fourteenth Amendments to the United States Constitution.

39.     At all times material, Mr. Carroll also had the right to be free from summary punishment by police officers under the Fourth and/or Fourteenth Amendments to the United States Constitution.

40.     At all times material, Mr. Carroll also had the right to have other police officers intervene and stop the application of excessive and unreasonable force and seizures to his person by fellow police officers under the Fourth and/or Fourteenth Amendments to the United States Constitution.

41.     At all times material, Mr. Carroll also had the right to be free from arbitrary governmental activity based on his race (to wit: African American) which shocks the conscience of a civilized society under the Fourth and/or Fourteenth Amendments to the United States Constitution.

42.     At all times material, Defendants MARTINEZ, WICINSKI, and STANALAND were "state actors" as contemplated by 42 U.S.C. § 1983 and acting under color of law.

# CHAPTER THREE ·

## CLAIMS AGAINST DEFENDANTS

*"We are all implicated when we allow other people to be mistreated.*
*An absence of compassion can corrupt the decency of a community, a state, [and] a nation."*

- Bryan Stevenson, <u>Just Mercy: A Story of Justice and Redemption</u> –

_____

### COUNT I – EXCESSIVE FORCE
*(As to Defendant Drusso Martinez)*

43.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42.

44.     At all times material, MARTINEZ had a duty not to violate Mr. Carroll's and people similarly situated constitutional rights as set forth in preceding paragraphs 35-41.

45.     At all times material, it was reasonably foreseeable, if not known, that if MARTINEZ or any of his fellow police officers in his presence were to violate Mr. Carroll's or other people similarly situated constitutional rights as set forth in preceding paragraphs 35-41 would cause them harm, injury, pain, suffering, mental anguish, inconvenience, embarrassment, humiliation, scarring (both physically and/or emotionally), and loss of the ability to enjoy life.

46.     At all times material, MARTINEZ violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41, and in doing so breached the duties stated herein, by:

   a.   Using an unreasonable amount of physical force to try and restrain Mr. Carroll's arms and hands with handcuffs.

   b.   Using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

   c.   Using an unreasonable amount of physical force to use his right hand and arm to push and/or punch Mr. Carroll in the head.

d.  Using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

e.  Using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

f.  Placing his right knee and leg on the back of Mr. Carroll's head and neck at all.

g.  Purposely using his own body weight through his right knee and leg to place it on the back of Mr. Carroll's head, neck, and back.

h.  Keeping his body, including but not limited to his right knee and leg, on the back of Mr. Carroll's head, neck, and back for an unreasonable amount of time.

47.  Defendant MARTINEZ's actions as stated herein constituted a breach of his duties owed to Mr. Carroll.

48.  At all times material, Defendant MARTINEZ's conduct was not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

49.  At all times material, Defendant MARTINEZ's conduct was purposeful, intentional, and deliberate.

50.  At all times material, Defendant MARTINEZ acted unreasonably, willfully, maliciously, in bad faith, and in reckless and callous disregard for Mr. Carroll's federal constitutional rights.

51.  Defendant MARTINEZ's conduct was a moving and driving force behind Mr. Carroll's harms and losses.

52.  As a direct and proximate cause of Defendant MARTINEZ's actions, and breaches of his duties, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

53.     As another direct and proximate cause of Defendant MARTINEZ's actions, and breaches of his duties, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

54.     Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, DRUSSO MARTINEZ for compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988(b), and any other relief this Court deems proper.

### COUNT II – FAILURE TO INTERVENE
*(As to Defendant Drusso Martinez)*

55.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42.

56.     At all times material, MARTINEZ had a duty not to violate Mr. Carroll's and people similarly situated constitutional rights as set forth in preceding paragraphs 35-41.

57.     At all times material, MARTINEZ had a duty to intervene to prevent the use of excessive force by a fellow officer.

58.     At all times material, MARTINEZ had a reasonable opportunity to intervene and prevent or stop the use of excessive force by WICINSKI.

59.     At all times material, it was reasonably foreseeable, if not known, that if MARTINEZ or any of his fellow police officers in his presence were to violate Mr. Carroll's or other people similarly situated constitutional rights as set forth in preceding paragraphs 35-41 would cause them harm, injury, pain, suffering, mental anguish, inconvenience, embarrassment, humiliation, scarring (both physically and/or emotionally), and loss of the ability to enjoy life.

60.     At all times material, Defendant WICINSKI violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41 and subsequent paragraph 72 by using unreasonable and excessive force, and Defendant MARTINEZ, in turn, violated Mr. Carroll's constitutional rights by:

a.  Failing to intervene and stop Defendant WICINSKI from applying an unreasonable amount of force while she tried and restrain Mr. Carroll's arms and hands with handcuffs.

b.  Failing to intervene and stop Defendant WICINSKI from using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

c.  Failing to intervene and stop Defendant WICINSKI from using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

d.  Failing to intervene and stop Defendant WICINSKI from using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

e.  Failing to intervene and stop Defendant WICINSKI from placing and keeping her body and its weight on the back and lower extremities of Mr. Carroll while he was already restrained by handcuffs, lying prone on the ground.

61.   Defendant MARTINEZ's inactions as stated herein constituted a breach of his duties owed to Mr. Carroll.

62.   At all times material, Defendant MARTINEZ's conduct was not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

63.   At all times material, Defendant MARTINEZ's conduct was purposeful, intentional, and deliberate.

64.   At all times material, Defendant MARTINEZ acted unreasonably, willfully, maliciously, in bad faith, and in reckless and callous disregard for Mr. Carroll's federal constitutional rights.

65.   Defendant MARTINEZ's conduct was a moving and driving force behind Mr.

Carroll's harms and losses.

66.     As a direct and proximate cause of Defendant MARTINEZ's inaction, and breaches of his duties, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

67.     As another direct and proximate cause of Defendant MARTINEZ's inaction, and breaches of his duties, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

68.     Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, DRUSSO MARTINEZ for compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988(b), and any other relief this Court deems proper.

### COUNT III – BATTERY
*(As to Defendant Drusso Martinez)*

69.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42, and 46-50.

70.     At all times material, MARTINEZ did, intentionally and recklessly, make offensive contact with Mr. Carroll's person by pushing, pulling, striking, punching him, as well as placing his right knee and leg on Mr. Carroll's head and neck.

71.     At all times material, MARTINEZ did such acts with the intent to cause harmful and offensive contact with Mr. Carroll.

72.     As a direct and proximate cause of Defendant MARTINEZ's actions, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

73.     As another direct and proximate cause of Defendant MARTINEZ's actions, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

74.     Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, DRUSSO MARTINEZ for compensatory and punitive damages, and any other relief this Court deems proper.

### COUNT IV – EXCESSIVE FORCE
*(As to Defendant Amelia Wicinski)*

75.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42.

76.     At all times material, WICINSKI had a duty not to violate Mr. Carroll's and people similarly situated constitutional rights as set forth in preceding paragraphs 35-41.

77.     At all times material, it was reasonably foreseeable, if not known, that if WICINSKI or any of her fellow police officers in her presence were to violate Mr. Carroll's or other people similarly situated constitutional rights as set forth in preceding paragraphs 35-41 would cause them harm, injury, pain, suffering, mental anguish, inconvenience, embarrassment, humiliation, scarring (both physically and/or emotionally), and loss of the ability to enjoy life.

78.     At all times material, WICINSKI violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41, and in doing so breached the duties stated herein, by:

 a. Using an unreasonable amount of physical force to try and restrain Mr. Carroll's arms and hands with handcuffs.

 b. Using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

 c. Using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

    d.   Using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

    e.   Placing her body weight on the Mr. Carroll's back and his lower extremities.

    f.   Keeping her body on the back and lower extremities of Mr. Carroll for an unreasonable amount of time.

79.    Defendant WICINSKI's actions as stated herein constituted a breach of her duties owed to Mr. Carroll.

80.    At all times material, Defendant WICINSKI's conduct was not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

81.    At all times material, Defendant WICINSKI's conduct was purposeful, intentional, and deliberate.

82.    At all times material, Defendant WICINSKI acted unreasonably, willfully, maliciously, in bad faith, and in reckless and callous disregard for Mr. Carroll's federal constitutional rights.

83.    Defendant WICINSKI's conduct was a moving and driving force behind Mr. Carroll's harms and losses.

84.    As a direct and proximate cause of Defendant WICINSKI's actions, and breaches of her duties, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

85.    As another direct and proximate cause of Defendant WICINSKI's actions, and breaches of her duties, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

86.    Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, AMELIA WICINSKI for compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988(b), and any other relief this Court deems proper.

### COUNT V – FAILURE TO INTERVENE
*(As to Defendant Amelia Wicinski)*

87.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42.

88.     At all times material, WICINSKI had a duty not to violate Mr. Carroll's and people similarly situated constitutional rights as set forth in preceding paragraphs 35-41.

89.     At all times material, WICINSKI had a duty to intervene to prevent the use of excessive force by a fellow officer.

90.     At all times material, WICINSKI had a reasonable opportunity to intervene and prevent or stop the use of excessive force by MARTINEZ.

91.     At all times material, it was reasonably foreseeable, if not known, that if WICINSKI or any of her fellow police officers in her presence were to violate Mr. Carroll's or other people similarly situated constitutional rights as set forth in preceding paragraphs 35-41 it would cause them harm, injury, pain, suffering, mental anguish, inconvenience, embarrassment, humiliation, scarring (both physically and/or emotionally), and loss of the ability to enjoy life.

92.     At all times material, Defendant MARTINEZ violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41 and 46 by using unreasonable and excessive force, and Defendant WICINSKI, in turn, violated Mr. Carroll's constitutional rights by failing to intervene and stop Defendant MARTINEZ from:

   a.  Using an unreasonable amount of physical force to try and restrain Mr. Carroll's arms and hands with handcuffs.

   b.  Using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

    c.  Using an unreasonable amount of physical force to use his right hand and arm to push and/or punch Mr. Carroll in the head.

    d.  Using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

    e.  Using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

    f.  Placing his right knee and leg on the back of Mr. Carroll's head and neck at all.

    g.  Purposely using his own body weight through his right knee and leg to place it on the back of Mr. Carroll's head and neck and back.

    h.  Keeping his body, including but not limited to his right knee and leg, on the back of Mr. Carroll's head, neck, and back for an unreasonable amount of time.

93.    Defendant WICINSKI's inactions as stated herein constituted a breach of her duties owed to Mr. Carroll.

94.    At all times material, Defendant WICINSKI's conduct was not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

95.    At all times material, Defendant WICINSKI's conduct was purposeful, intentional, and deliberate.

96.    At all times material, Defendant WICINSKI acted unreasonably, willfully, maliciously, in bad faith, and in reckless and callous disregard for Mr. Carroll's federal constitutional rights.

97.    Defendant WICINSKI's conduct was a moving and driving force behind Mr. Carroll's harms and losses.

98.    As a direct and proximate cause of Defendant WICINSKI's inaction, and breaches of her duties, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional),

inconvenience, and loss of the ability to enjoy life.

99.     As another direct and proximate cause of Defendant WICINSKI's inaction, and breaches of her duties, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

100.     Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, AMELIA WICINSKI for compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988(b), and any other relief this Court deems proper.

### COUNT VI – BATTERY
*(As to Defendant Aemlia Wicinski)*

101.     Mr. Carroll hereby incorporates by reference Paragraphs 1-42, and 78-82.

102.     At all times material, WICINSKI did, intentionally and recklessly, make offensive contact with Mr. Carroll's person by pushing, pulling, striking, punching him, as well as placing his right knee and leg on Mr. Carroll's head and neck.

103.     At all times material, WICINSKI did such acts with the intent to cause harmful and offensive contact with Mr. Carroll.

104.     As a direct and proximate cause of Defendant WICINSKI's actions, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

105.     As another direct and proximate cause of Defendant WICINSKI's actions, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

106.     Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, AMELIA WICINSKI for compensatory and punitive damages, and any other relief this Court deems proper.

**COUNT VII – FAILURE TO INTERVENE**
*(As to Defendant Cody Stanaland)*

107.    Mr. Carroll hereby incorporates by reference Paragraphs 1-42.

108.    At all times material, STANALAND had a duty not to violate Mr. Carroll's and people similarly situated constitutional rights as set forth in preceding paragraphs 35-41.

109.    At all times material, STANALAND had a duty to intervene to prevent the use of excessive force by a fellow officer.

110.    At all times material, STANALAND had a reasonable opportunity to intervene and prevent or stop the use of excessive force by MARTINEZ and WICINSKI.

111.    At all times material, it was reasonably foreseeable, if not known, that if STANALAND or any of his fellow police officers in his presence were to violate Mr. Carroll's or other people similarly situated constitutional rights as set forth in preceding paragraphs 35-41 it would cause them harm, injury, pain, suffering, mental anguish, inconvenience, embarrassment, humiliation, scarring (both physically and/or emotionally), and loss of the ability to enjoy life.

112.    At all times material, Defendant MARTINEZ violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41, 46 and 78 by using unreasonable and excessive force, and Defendant STANALAND, in turn, violated Mr. Carroll's constitutional rights by failing to intervene and stop Defendant MARTINEZ from:

    a.  Using an unreasonable amount of physical force to try and restrain Mr. Carroll's arms and hands with handcuffs.

    b.  Using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

    c.   Using an unreasonable amount of physical force to use his right hand and arm to push and/or punch Mr. Carroll in the head.

    d.   Using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

    e.   Using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

    f.   Placing his right knee and leg on the back of Mr. Carroll's head and neck at all.

    g.   Purposely using his own body weight through his right knee and leg to place it on the back of Mr. Carroll's head and neck and back.

    h.   Keeping his body, including but not limited to his right knee and leg, on the back of Mr. Carroll's head, neck, and back for an unreasonable amount of time.

113.    At all times material, Defendant WICINSKI violated Mr. Carroll's constitutional rights as set forth in preceding paragraphs 35-41 and 70 by using unreasonable and excessive force, and Defendant STANALAND, in turn, violated Mr. Carroll's constitutional rights by failing to intervene and stop Defendant WICINSKI from:

    a.   Using an unreasonable amount of physical force to try and restrain Mr. Carroll's arms and hands with handcuffs.

    b.   Using an unreasonable amount of physical force to push Mr. Carroll towards, and then face first into, the side of a police vehicle.

    c.   Using an unreasonable amount of physical force to rip Mr. Carroll from a standing position into the hard ground.

    d.   Using an unreasonable amount of physical force to push Mr. Carroll, face first, into the hard ground.

    e.   Placing her body weight on the back of Mr. Carroll's and his lower extremities.

f.   Keeping her body on the back and lower extremities of Mr. Carroll for an unreasonable amount of time

114.   Defendant STANALAND's inactions as stated herein constituted a breach of his duties owed to Mr. Carroll.

115.   At all times material, Defendant STANALAND's conduct was not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

116.   At all times material, Defendant STANALAND's conduct was purposeful, intentional, and deliberate.

117.   At all times material, Defendant STANALAND acted unreasonably, willfully, maliciously, in bad faith, and in reckless and callous disregard for Mr. Carroll's federal constitutional rights.

118.   Defendant STANALAND's conduct was a moving and driving force behind Mr. Carroll's harms and losses.

119.   As a direct and proximate cause of Defendant STANALAND's inaction, and breaches of his duties, Mr. Carroll suffered adverse health-related consequences, physical injury, pain, suffering, mental anguish, emotional distress, embarrassment, humiliation, scarring (physical and/or emotional), inconvenience, and loss of the ability to enjoy life.

120.   As another direct and proximate cause of Defendant STANALAND's inaction, and breaches of his duties, Mr. Carroll has incurred, and is reasonably likely to incur in the future, medical expenses and the costs associated with seeking and obtaining medical and mental health care and treatment.

121.   Mr. Carroll requests a trial by jury on all issues so triable in this count.

WHEREFORE Mr. Patrick Carroll, the plaintiff, hereby demands judgment against Defendant, CODY STANALAND for compensatory and punitive damages, attorney's fees under 42

U.S.C. § 1988(b), and any other relief this Court deems proper.

Dated this 4th day of June, 2020.

Submitted by:

Fischer Redavid PLLC
4601 Sheridan Street
Suite 320
Hollywood, FL 33021
Phone: (954) 860-8434
Fax:    (954) 860-8584
Service@FRTrialLawyers.com



**Jordan Redavid, Esq.**
Florida Bar No. 109227
*Lead Counsel for Plaintiff*
**John P. Fischer, Esq.**
Florida Bar No. 99751
**Elroy M. John, Jr., Esq.**
Florida Bar No. 1002480
**Ian G. Ward, III, Esq.**
Florida Bar No. 108392